## BAILEY v. GENERAL SEA FOODS, Inc.

### No. 7305.

District Court, D. Massachusetts.

Feb. 13, 1939.

392

Edith Brams and Morris Michelson, both of Boston, Mass., for plaintiff.

Charles A. McCarron, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This motion by the defendant is to strike some of the plaintiff's answers to interrogatories and for further answers thereto. It is to the answers to the following interrogatories that the defendant objects: 3 (d) 4, 7, 8, 9, 10, 12, 13, 14, and 15.

Interrogatory 3 (d) calls for the date of the last medical treatment, to which the plaintiff replied, "d. I am not all better yet". This answer is stricken out and the plaintiff directed to answer it responsively.

The 4th interrogatory asks in substance the dates during which the plaintiff was confined to the house, to which the plaintiff replied, "When I returned to my home from the U. S. Marine Hospital on or about March 23, 1938, I remained at home most of the time until about the 6th day of July, 1938." I think this answer is subject to some criticism, but the plaintiff is not required to do the impossible. The answer is stricken and the plaintiff directed to answer the fourth interrogatory, telling as well as he can the dates, or approximate dates, during which he was confined to his home.

The 7th interrogatory asks the plaintiff what he was doing at the time he received his injuries. The plaintiff says, "See answer to interrogatory #6." This answer reads: "While working on the Trawler Harvard, a defective ring bolt strap on the housing broke, as a result of which the block became separated from the trawler and struck me on the left side of the head and left shoulder and knocked me down to the deck, rendering me unconscious." I do not regard this as a sufficient answer to Interrogatory #7, which should be answered further.

The Federal Rules of Civil Procedure provide that " * * * the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes." Rule 26 (a), 28 U.S.C.A. following section 723c. This rule should not, it seems to me, be construed as requiring the plaintiff here to answer the 8th interrogatory, asking in what respect the defendant, its agents or servants, were negligent in causing the injuries alleged in the declaration. No further answer to interrogatory #8 is required.

The answer to the 9th interrogatory, asking the plaintiff to itemize all the damages suffered as a result of his alleged injuries, seems to me reasonably sufficient. No further answer is required.

The 10th interrogatory asks the plaintiff to state the date when he returned to work subsequent to his alleged injuries, to which the plaintiff answered, "Although I have worked since July 6, 1938, my work is of a lighter nature than that which I had been doing previous to this accident. At times I have worked under great difficulty due to the effects of this accident on my health." I think the defendant is entitled to a direct and explicit answer to this question to the extent that the plaintiff is able to state the exact date or the approximate date when he returned to work. This answer is stricken and the plaintiff ordered to answer it further.

To the 12th interrogatory, asking what was done for the plaintiff in the way of assistance and medical attention immediately following the injuries, he replied, "The accident rendered me unconscious." This answer is insufficient, is stricken, and the plaintiff required to answer the 12th interrogatory.

What has been said with reference to the 8th interrogatory is applicable to the 13th, 14th and 15th interrogatories, which the plaintiff declined to answer. He need not answer interrogatories #13, #14 and #15.