J. Earl KYKER, Administrator of Estate of Egbert Miller, deceased,

v.

MALONE FREIGHT LINES, Inc., et al.

Civ. A. No. 2367.

United States District Court
E. D. Tennessee, N. D.
March 31, 1955.

Harold B. Stone, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for plaintiff.

Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

Plaintiff has propounded to defendants seventeen interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendants have only objected to Interrogatories Nos. 15, 16 and 17. Briefs have been filed in support of and in opposition to the respective contentions of the parties.

Interrogatory No. 15 is as follows:

"In what particulars do the defendants claim that Egbert Miller was guilty of negligence, contributory negligence, or remote contributory negligence in bringing about the collision resulting in the loss of his life?"

The basis of defendants' objection to this interrogatory is that it calls for "contentions, opinions and conclusion of law."

Counsel for plaintiff in his brief states that the answer pleads affirmative, proximate contributory negligence and remote contributory negligence but that no fact is pleaded in the answer to indicate to the plaintiff upon which the affirmative plea of contributory negligence is based.

Plaintiff says that the purpose of the interrogatory is to find out from the defendants whether they claim plaintiff's intestate was speeding, was asleep, was overloaded and on the wrong side of the road, or in what other respects plaintiff's intestate was negligent.

It is to be noted that this interrogatory does not seek the identity of the witnesses or the character of their testimony that defendants expect to use in support of their contributory negligence defenses. Plaintiff simply wants to know of the defendants what they claim plaintiff's intestate did wrongfully that caused, or contributed to cause the motor vehicle accident that resulted in the death of plaintiff's intestate.

The majority of the cases hold that a party is not entitled to the opinions of his adversaries through discovery proceedings under Rule 33 and is only entitled to factual information. Tudor v. Leslie, D.C., 1 F.R.D. 448; American & Foreign Ins. Co. v. Richard Gibson & Sons, Inc., D.C., 1 F.R.D. 501; Bailey v. General Sea Foods, Inc., D.C., 26 F.Supp. 391; Ryan v. Lehigh Valley R. Co., D.C., 5 F.R.D. 399; Bush v. Skidis, D.C., 8 F.R.D. 561; Onofrio v. American Beauty Macaroni Co., D.C., 11 F.R.D. 181.

The rule of the Third Circuit requires response to interrogatories calling for opinions and conclusions under certain circumstances. Where a party needs additional information in order to defend, the Pennsylvania rule seems to be that such information can be obtained through discovery procedure under Rule 33 rather than by motion for a more definite statement. Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843; Prescan v. Aliquippa & Southern R. Co., D.C., 16 F.R.D. 272.

The information sought in this interrogatory is nothing more than the contentions of the defendants with respect to its affirmative defenses relating to plaintiff's alleged sole, proximate or remote contributory negligence. This character of information is required by this Court in all pre-trials. The pre-trial orders that are filed following pre-trial hearings recite the respective contentions of the parties. No party has ever objected to stating and having recorded his contentions with respect to a defense relied upon as a bar to a recovery. Some of the purposes of the Federal Rules of Civil Procedure are to simplify and narrow the issues and prevent surprises at the trial on the merits.

The statements by the defendants of the particulars claimed by them in support of their affirmative defenses will not preclude them from adding to the particulars in the event they should come into possession of additional information after the answers are made or from showing that some or all of the particulars were erroneous on subsequent developments which convince the defendants that they were in possession of erroneous information at the time they made answer to this interrogatory.

■ The Court is unable to see how defendants' rights can be prejudiced by requiring them to answer Interrogatory No. 15. The Court can see how plaintiff could be prejudiced by surprise at the hearing on the merits if such information is not secured before trial on the merits.

Accordingly, defendants' objections to Interrogatory No. 15 is overruled.

■ Interrogatory No. 16 is as follows:

"With respect to the answers of the defendants to the preceding interrogatory, please list the names and addresses of the persons by whom the defendants propose to introduce proof in support of such claims."

Objection is sustained to this interrogatory for the reason that defendants should not be required to turn over to the plaintiff in advance of the trial the evidence that they expect to rely on as a defense to the suit. This would be placing too great a burden upon the adversary party because it is commonly known that witnesses do not always testify according to the expectations of the party that causes them to be called to the witness stand.

Interrogatory No. 17 is as follows:

"Detail all factors which the defendants say entered into or brought about the aforesaid collision and resulting damage to property and loss of life."

■■ The objection to this interrogatory is sustained because it calls for a narration of conclusions that are to be made by the jury. As heretofore indicated, the general rule is that Rule 33 requires factual information as distinguished from opinions or conclusions.

An order is this date passed to the Clerk overruling objections to Interrogatory No. 15 and sustaining objections to Interrogatories Nos. 16 and 17.