[S. F. No. 20384. In Bank. June 15, 1960.]

JOHN SINGER, Petitioner, v. SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; PARR-RICH-MOND TERMINAL COMPANY (a Corporation), Real Party in Interest.

Jay A. Darwin and Kenneth W. Rosenthal for Petitioner.

No appearance for Respondent.

Taft, Wright & Hopkins, Cranson L. Hopkins and James H. Robinson for Real Party in Interest.

PETERS, J.—Petitioner (hereafter referred to as "plaintiff") seeks by mandate to compel the real party in interest (hereafter referred to as "defendant") to answer certain interrogatories which it refused to answer, and which respondent court ruled it did not have to answer. It is our conclusion that the writ should issue.

Plaintiff brought an action for personal injuries under the Jones Act (46 U.S.C.§ 688) against several parties, of which defendant is one. The complaint alleges, among other things, the fact of plaintiff's employment as a seaman on the SS Ocean Deborah, the relationship of each of the named defendants to the cause of action, the negligence (or breach of legal duty) of each such defendant in failing to furnish safe working conditions, the injuries received by plaintiff when he fell from the dock, and the causal connection between defendant's negligence and plaintiff's injuries.

This defendant, who is the owner and operator of the dock in question, filed an answer. Included therein are the pleaded defenses of contributory negligence and assumption of risk. These, as permitted by law, are pleaded in general terms. Plaintiff then served and filed written interrogatories under the provisions of section 2030 of the Code of Civil Procedure, including therein three interrogatories as follows:

"21) Please state what fact or facts form the basis for the allegations set forth in defendant's Answer . . . that 'plaintiff himself was negligent and careless and did not use due, proper or appropriate care for his own safety.'

"22) Please state what fact or facts form the basis for the allegations set forth in defendant's Answer . . . that 'said negligence and carelessness and lack of due, proper and appropriate care on the part of plaintiff himself was a direct and proximate and contributing cause of the accident' herein.

"23) Please state what fact or facts form the basis for the allegations set forth in defendant's Answer . . . that 'plaintiff assumed the risk, if any, attendant to his undertakings' herein."

Defendant answered all but the three quoted interrogatories, justifying its refusal by the following statement:

"21, 22 & 23. Contain interrogatories appertaining to the pleadings, are too uncertain to require answers, and appertain solely to pleadings on file with the Court."

Plaintiff then filed an application under the provisions of subdivision (a) of section 2034, Code of Civil Procedure, seeking an order requiring defendant to answer interrogatories Nos. 21, 22 and 23. The record does not indicate that defendant offered any defense to this motion, other than the matter set forth in its reply to the interrogatories and quoted above. The trial court denied the application, its minute order reading as follows:

"Motion for order to require Parr-Richmond Terminal Co. to give further answers to interrogatories 21, 22 and 23 denied."

In its return to the alternative writ, defendant, for the first time, in justification of its refusal to answer the three challenged interrogatories, alleged that "as trial preparation it is further alleged that PARR-RICHMOND has answered general interrogatories providing explicit factual information on every inquiry where facts were available; that in addition thereto OCEAN TRANSPORTATION Co., a co-defendant has provided facts

on each inquiry where information was available including names of all known witnesses to the event leading to instant litigation; that compelling answer to interrogatories Nos. 21, 22, 23 calls for the opinions and conclusions of defendant and invades the province of the jury in determining issues from *all* the parties; that this defendant would be unduly restricted in its defenses by limitations imposed by requiring answers which would foreclose this defendant in from [*sic*] factual development by other parties to the action.''

In its points and authorities filed with the return defendant attempts to justify its refusal to answer the interrogatories on three grounds. It first asserts that ''plaintiff himself has better knowledge of his own acts leading up to the incident.'' Next, reliance is had on a statement made in 2 DeMeo on California Deposition and Discovery Practice, page 34, to the effect that a party should not be required ''to state fully and in detail'' what act or acts caused the injury. In the third place, reliance is had on the case of *Ryan* v. *Lehigh Valley R. Co.*, 5 F.R.D. 399, which holds that a defendant should not be foreclosed by its answers to interrogatories from subsequently relying upon further evidence regarding the cause of the injury which may be produced at the trial by any party to the action. The case also implies that interrogatories calling for opinions may be improper.

Thus, in its return and points and authorities defendant contends that, on five separate grounds, the three questioned interrogatories · seek information that is beyond the limits of the scope of the discovery statute.

1. The three questions pertain only to the pleadings;

2. They are too uncertain to require answers;

3. Plaintiff is in a better position to know the answers than is defendant;

4. To require defendant to state ''fully and in detail'' all facts upon which it bases its allegations of contributory negligence and assumption of risk would have the effect of unfairly limiting defendant from relying upon any other facts or evidence which might subsequently come to its knowledge, or which might be produced at the trial by other parties;

5. The interrogatories call for opinion, rather than fact.

It should be noted that, as far as the trial court is concerned, only points 1 and 2 were urged as justification for not answering the questions. Before this court, however, the other three points have been raised, and, in our opinion, should be discussed.

■ There is no merit at all in the assertion that interrogatories should not be answered merely because they pertain to the pleadings. In the ordinary usage of the phrase, every factual issue must "pertain to the pleadings" or be subject to a claim of irrelevancy. Subdivision (b) of section 2016 of the Code of Civil Procedure (incorporated by reference into § 2030) provides that the interrogatories may cover "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party . . ." It follows that interrogatories, in order to be proper, must, of necessity, "pertain to the pleadings." It may be that defendant means to argue that the specific interrogatories in question call for opinions and conclusions, and are not matters of evidence. Several federal cases, interpreting Federal rule 33, indicate that interrogatories calling for the opposing party's opinions, conclusions or contentions may be improper. (*Bailey* v. *General Sea Foods, Inc.*, 26 F.Supp. 391; *Doucette* v. *Howe*, 1 F.R.D. 18; *Tudor* v. *Leslie*, 1 F.R.D. 448; *Ryan* v. *Lehigh Valley R. Co.*, *supra*, 5 F.R.D. 399; *Babcock & Wilcox Co.* v. *North Carolina Pulp Co.*, 25 F.Supp. 596.) But these federal cases are not necessarily controlling. The federal and state procedures as to pleading, and to the rules for testing the pleadings, are not similar. ■ It is true that Code of Civil Procedure, section 2030, is identical in all pertinent respects to Federal rule 33, but there are important distinctions to be found in the rules of pleading in the two jurisdictions. Under the federal rules pleading is informal, and not subject to demurrer. Instead, motions for more definite statement, and similar proceedings, allow a party to determine his opponent's contentions. Thus, it is not necessary for a party to seek information about such contentions by way of interrogatories. In adopting the federal rules of discovery, the California Legislature did not adopt the federal system of pleading. ■ In California, a party may plead negligence and contributory negligence in general terms (*Perry* v. *McLaughlin*, 212 Cal. 1 [297 P. 554]), and, when so pleaded, a demurrer will not lie to require a more definite statement. (*Dewhirst* v. *Leopold*, 194 Cal. 424, 428 [229 P. 30].)

It is true, of course, that the defendant is required to plead the facts upon which he relies to support his defense of contributory negligence, and must allege the causal connection between those facts and the injury. But this simply means that a defendant may allege that the plaintiff was

negligent in and about those matters alleged in the complaint, and that such negligence proximately contributed to his injury. Such allegations, under the cases cited, are not subject to a special demurrer. Such general allegations do not apprise the plaintiff of matters which may lead him ''to the discovery of admissible evidence'' (Code Civ. Proc., § 2016, subd. (b)).

 It follows that, in California, discovery proceedings provide a most important method of obtaining knowledge of such facts as may exist and on which the protagonist relies. Since this is not necessarily true under the federal system, authorities from such jurisdictions may be helpful, but cannot be considered as binding. Moreover, even under the federal practice the later federal cases hold that questions relating to the facts underlying the contentions .of the parties are proper and should be answered (*McElroy* v. *United Air Lines,* 21 F.R.D. 100; *Kyker* v. *Malone Freight Lines,* 17 F.R.D. 393; *Needles* v. *F. W. Woolworth Co.,* 13 F.R.D. 460; *Gutowitz* v. *Pennsylvania R. Co.,* 7 F.R.D. 144; *Dugan* v. *Sperry Gyroscope Co.,* 35 F.Supp. 902). These later cases state the better rule, and certainly state the rule that should be followed in California under our rules of procedure and pleading.

 The claim that these interrogatories are too uncertain to require answer is without merit. *In toto,* they ask for specific facts; facts upon which defendant, at the present time, relies for its defenses of contributory negligence and assumption of risk. The request is not uncertain in any sense.

 Nor can it be said that plaintiff is in a better position than defendant to know the answers to the interrogatories. While it is true that plaintiff may have more knowledge than his adversaries of the facts which allegedly caused the accident, he does not necessarily have knowledge of the facts on which this defendant bases its defenses. The information sought by these particular interrogatories is of a nature peculiarly within the mind of defendant. Moreover, no rule or authority is cited which authorizes refusal to answer an interrogatory simply upon the ground that the answer is known to the party seeking the information.

This brings us to defendant's fourth and main contention, which is that it should not be required to limit itself by stating all of the facts upon which it may subsequently rely. It has been suggested that an interrogatory which seeks to ''tie a party down in such a way that he may be deprived of his substantive rights'' is improper (James, *The Revival of Bills of Particulars Under the Federal Rules* (1958), 71 Harv.L.Rev.

1473, 1481). With this general observation we agree. Certainly, it should not be the law that interrogatories can be used as a trap so as to limit the person answering to the facts then known and to prevent him from producing subsequently discovered facts. If it were the law that the answers to these interrogatories would limit the defendant at the time of trial to the facts set forth in its answers, then there would be much merit in the contention that such answers should not now be compelled. But that is not the law. ▮ The answers to these interrogatories would not have that legal effect. Answers to these interrogatories now, if compelled, will not prevent the defendant at the trial from relying on subsequently discovered facts, including facts produced at the trial by plaintiff or his witnesses, or by any of the other parties to this lawsuit, or their witnesses. In fact, such answers would not even prevent production of facts now known to defendant but not included in the answers, upon a proper showing that the oversight was in good faith. As already pointed out, the more recent federal cases have held that ''[o]ne of the principal purposes of interrogatories is to ascertain the contentions of the adverse party. . . . [for otherwise] a party would be unjustly restricted in his preparation for trial.'' (*McElroy* v. *United Air Lines,* 21 F.R.D. 100, 102; see also *Kyker* v. *Malone Freight Lines,* 17 F.R.D. 393, and other cases cited, *supra.*) The justification for this rule given in the Malone case was that the answering party is not limited by his answer if subsequent information is discovered. In *RCA Mfg. Co.* v. *Decca Records,* 1 F.R.D. 433, 435, it was stated that ''[s]o far as the interrogatories require the production of information defendants must disclose whatever information it [*sic*] now has [*sic*] as demanded by the interrogatories. If in the interim, between the time of the answers to these interrogatories and the trial, defendants obtain further information, they will not be prevented from offering such further information on the trial . . .''

The interrogatories here involved do not call for ''all the facts'' defendant intends to produce at the trial in support of the pleaded defenses. If the questions were that broad the trial court might well have been justified in refusing to compel answers. But the interrogatories here involved are not of that character. They carefully limit the questions to facts now known to defendant. They request a statement of ''what fact or facts form the basis for the allegation'' of contributory negligence and assumption of risk. Thus, by their very language, it is obvious that the interrogatories do not request

answers that would create a limitation. All that is requested are the facts now known to the defendant upon which it predicates its defenses. The plaintiff is entitled to that information.

Moreover, even if defendant felt that forthright answers to the interrogatories might unduly limit it at the time of trial, it could easily have protected itself by stating the facts now known to it and then stating that such answers were without prejudice to producing subsequently discovered facts. Or it could have answered the questions, and then asserted its right to claim additional factual issues at the pretrial conference (subd. (c) of rule 8.2 of the Rules for the Superior Courts; see also rules 8.6 and 8.8). Or it could have filed objections to the questions as permitted by subdivision (a) of section 2030, Code of Civil Procedure, and thus presented the problem to the court for decision. But it chose none of these alternatives, thus forcing the plaintiff to proceed either by a motion to strike the answers under subdivision (d) of section 2034, Code of Civil Procedure, or by moving for an order requiring the defendant to answer under subdivision (a) of the same section. The plaintiff chose this last alternative. The record does not show that defendant filed any reply to this motion, it being content, apparently, to rely upon the assertions made in its reply to the interrogatories, i.e., that the questions "are too uncertain to require answers, and appertain solely to the pleadings." It was not until it filed its return to this proceeding that defendant sought court approval of its refusal to answer.

For these several reasons, the issue presented to us is a relatively simple one. The three questioned interrogatories merely call for the facts this defendant now knows that support its pleaded defenses. The answers will not constitute an unfair limitation on defendant. They will not prevent it at the trial, from presenting subsequently discovered facts, or even from presenting facts now known to it but overlooked by it, if it can show such oversight was in good faith. The plaintiff is entitled to the information. Requiring the defendant to answer is not oppressive. Thus, the contention under consideration is without merit.

 The last contention of defendant is that the questioned interrogatories call for opinions and not for facts. If the interrogatories did call for opinions rather than facts, they might well be subject to criticism. (*Ryan* v. *Lehigh Valley R. Co., supra,* 5 F.R.D. 399.) But they do not. A mere reading

of them demonstrates that they do not call for opinions, but for facts only. The point is without merit.

Although the parties do not discuss the point, it should be pointed out that while the trial court has some discretion in compelling or refusing to compel answers to interrogatories, it had no such discretion in the present case. Under the provisions of subdivision (b)(1) of section 2019, Code of Civil Procedure,[1] the trial court is given the power (under specified procedures) to "make any . . . order which justice requires to protect the party . . . from annoyance, embarrassment, or oppression." Obviously, the trial court has some discretion in determining what constitutes "annoyance, embarrassment, or oppression." (*Heffron* v. *Los Angeles Transit Lines,* 170 Cal.App.2d 709 [339 P.2d 567].) In the instant case no claim has or can be made that any "annoyance" or "embarrassment" is involved. As already pointed out, there is no showing at all that any "oppression" is involved. This being so, there is no room for the operation of the discretion conferred by this section.

It is ordered that a peremptory writ of mandate issue directing the trial court to set aside its order sustaining the refusal of defendant to answer interrogatories 21, 22 and 23, and to enter its order requiring the defendant to answer these interrogatories.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., and White, J., and Bray, J. pro tem.,* concurred.

---

[1]Subdivision (b) of section 2030, Code of Civil Procedure, provides, in part: "The provisions of subdivision (b) of Section 2019 of this code are applicable for the protection of a party from whom answers to interrogatories are sought under this section."

*Assigned by Chairman of Judicial Council.