Filed 7/12/13  Bielasz v. Mestler Construction CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ROGER BIELASZ et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>    v.<br><br>MESTLER CONSTRUCTION, INC.,<br><br>    Defendant, Cross-complainant and Appellant. | D059565<br><br><br>(Super. Ct. No. 37-2009-00052477-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Thomas P. Nugent, Judge.  Affirmed.


Law Offices of Jerome J. Schiefelbein, Jerome J. Schiefelbein; Law Offices of James E. Swingley and James E. Swingley for Defendant, Cross-complainant and Appellant.

McDonnell & Associates, Michael B. McDonnell and Douglas M. Fieldfor Plaintiffs, Cross-defendants and Respondents.

Mestler Construction, Inc. (Mestler) appeals following a jury verdict against it in a lawsuit brought by Roger Bielasz and Dena Bielasz (the Bielaszes) finding that Mestler breached contracts to design a residence and to perform building pad preparation work. Mestler contends that the trial court prejudicially erred by denying its motion in limine to exclude evidence of the damages that the Bielaszes suffered as a result of the contractual breaches. As we will explain, we conclude that the trial court was within its discretion to deny the motion in limine and to admit the Bielaszes' evidence of damages. Accordingly, we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Parties' Dispute and the Jury Verdict*

As alleged in the parties' pleadings, Mestler is a licensed contractor who (1) performed design work for a home that the Bielaszes planned to build after their former home was destroyed in a wildfire, and (2) performed building pad preparation and other work to prepare for construction of the home. The Bielaszes sued Mestler, alleging — among other things — that Mestler breached the design contract by (1) preparing plans for a home that was in excess of the square footage specified by the Bielaszes, and (2) performing work during the pad preparation that made the pad unsafe and created a potential for rockslides. In their first amended complaint, the Bielaszes asserted eight causes of action against Mestler: (1) negligence; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) declaratory relief; (5) intentional interference with prospective economic relations; (6) fraud; (7) slander of

2

title; and (8) trespass to chattel. Mestler filed a cross-complaint for breach of contract and equitable restitution.

The matter proceeded to trial, and the jury found in favor of the Bielaszes on a breach of contract theory. In a special verdict form, the jury found that Mestler breached a contract to design the house; breached a contract for preparation of the lot; and breached a contract to design a retaining wall. The jury awarded damages in the amount of (1) $61,800 for breach of the contract for the house design, and (2) $37,500 for breach of the contract for lot preparation. The jury awarded no damages in connection with the contract to design a retaining wall.

B.      *The Relevant Discovery*

This appeal focuses on Mestler's contention that the trial court should have excluded evidence of damages at trial because of the Bielaszes' purportedly deficient responses to certain discovery propounded by Mestler. We therefore describe the relevant discovery.

In February 2010, the Bielaszes responded to form interrogatories propounded by Mestler.

In response to form interrogatory No. 7.1, which asked for a description of the property damaged, the nature of the damage, the amount of the damage, and how the amount was calculated, the Bielaszes provided an *extensive* description of the damage caused by the improper excavation of the building pad, set forth in several paragraphs. Among other things, the response stated that "[a]ll excavation work . . . had to be redone," but that "[t]he work that is being redone is currently ongoing so the exact cost is

3

unknown at this time." The Bielaszes then provided projected costs for some of the work, including (1) approximately $72,000 to remove boulders necessary to stabilize the building pad, and (2) in excess of $27,000 for the design, engineering and permit costs for a new retaining wall.

Form interrogatory No. 7.2 asked, "Has a written estimate or evaluation been made for any item of property referred to in your answer to [form interrogatory No. 7.1]," and form interrogatory No. 7.3 asked if any item of property had been repaired and inquired about the repair cost. To these interrogatories, the Bielaszes responded that "[e]valuation, repair, and estimates are presently in the process."

Form interrogatory No. 9.0 asked about any other damages being claimed by the Bielaszes. They responded by providing a description of the type of expenses caused by the flawed design plans for the house. Specifically as to the amount of damages incurred, they stated that "[a]s discovery is still continuing[,] the exact amount is unknown at this time[;] however it is known that it is no less than $50,000 that the Bielaszes paid to Mestler for services that were rendered useless."

During Roger Bielasz's deposition several months later on September 21, 2010, which was two days before the discovery cutoff date, counsel for Mestler referred to some of the earlier responses to form interrogatories and asked Mr. Bielasz whether there were "evaluations, repairs, and estimates as described in [interrogatory No. ]7.2 that were done sometime after" the date of the February 2010 interrogatory responses. Mr. Bielasz answered, "I have not done all those estimates as of yet." However, counsel for the Bielaszes interjected that that "[t]here are some from the contractors and stuff," and

4

Mr. Bielasz followed up by stating, "Correct. They have not been collated and organized into a total."

C.      *Mestler's Motion in Limine to Exclude Evidence of the Bielaszes' Damages*

On October 25, 2010, Mestler filed a motion in limine, which requested an order precluding the Bielaszes "from introducing evidence of and/or making reference to any damages claimed to have been sustained by [the Bielaszes], or any reference to the amount of damages [the Bielaszes] claim to have sustained as a result of any act or omission by [Mestler]." Mestler contended that the exclusion of evidence was required because the Bielaszes "have failed and refused to identify the amount of their damages and/or the manner of calculation of their claimed damages in response to timely and proper written discovery, or in response to proper deposition questions asked just two days prior to the discovery cut[]off date."

The trial court denied the motion. In its comments, the trial court pointed out that bringing a motion to compel is required when a party does not adequately respond to discovery; that the Bielaszes *did* produce at least 2,700 documents and had indicated that that they were prepared to provide documentation about damages prior to trial;[1] and that it was improper to raise discovery disputes for the first time on the eve of trial. Further, the trial court observed that it "would be a short trial" if the plaintiffs were precluded from putting on evidence of damages.

---

[1]      It is unclear whether the Bielaszes filed a written opposition to the motion in limine, as Mestler did not include it in the appellate record.

Prior to the beginning of trial, counsel for Mestler stated a "continuing and standing objection to the admission of any evidence by the [Bielaszes] of the amount of damages they incurred as the result of my clients' alleged conduct or the manner in which it was calculated."

During trial, the Bielaszes presented evidence about the damages that they suffered as a result of Mestler's alleged breach of contract. The jury relied on that evidence to award damages to the Bielaszes in the amount of $99,300.

II

DISCUSSION

The sole issue that we resolve in this appeal is whether the trial court erred in denying Mestler's motion in limine to exclude evidence of the Bielaszes' damages.[2]

A.      *Standard of Review*

As an initial matter, we address the proper standard of review. Regardless of whether the trial court's ruling is best characterized as a ruling on a request to exclude evidence or a ruling on a request to impose a discovery sanction, we apply an abuse of discretion standard of review. (*Pannu v. Land Rover North America, Inc*. (2011) 191

_____

[2]      Mestler's appellate brief identifies several interrelated appellate issues, each of which is based on a common fundamental premise, namely that the trial court erred in denying the motion in limine to exclude the Bielaszes' evidence of damages. Specifically, in addition to its general argument that the motion in limine was improperly denied, Mestler argues that because evidence of damages was improperly admitted, (1) the jury should not have been asked on the special verdict form about the amount of the Bielaszes' damages; and (2) insufficient evidence supports the jury's findings regarding damages. Because we conclude that the trial court did not err in admitting evidence of the Bielaszes' damages, we need not, and do not, address either of Mestler's additional appellate issues.

Cal.App.4th 1298, 1317 ["Trial court rulings on the admissibility of evidence, whether in limine or during trial, are generally reviewed for abuse of discretion."]; *Bell v. H.F. Cox, Inc.* (2012) 209 Cal.App.4th 62, 76 [a ruling on a motion to exclude witness testimony at trial as an evidence sanction for misuse of the discovery process is reviewed for abuse of discretion].)

Mestler asserts two different theories as to why a de novo standard of review is appropriate. It first argues that the de novo standard of review applicable to questions of statutory interpretation applies here because the trial court's ruling involved the interpretation of the Evidence Code. (See *Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401 [issues of statutory interpretation arising in the review of an order imposing discovery sanctions is reviewed de novo].) We disagree. Nothing in the trial court's ruling or in our review presents an issue of statutory interpretation. Second, Mestler states generally that "[w]here there is no factual dispute, independent appellate review is appropriate." However, the cases it cites for that proposition have nothing to do with the admission of evidence or the imposition of evidentiary sanctions as a result of discovery abuses. (*People v. Avila* (2006) 38 Cal.4th 491, 529 [review of ruling to exclude a juror for cause]; *People ex rel Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1144 [review of a ruling to disqualify a party's counsel].) As we have explained, those types of rulings are reviewed under an abuse of discretion standard.

B.     *The Trial Court Did Not Err in Denying the Motion in Limine to Exclude Evidence of the Bielaszes' Damages*

We now turn to Mestler's main argument — that the trial court should have excluded evidence of the Bielaszes' damages based on "undisputed facts of discovery abuse" that were purportedly demonstrated by the Bielaszes' responses to Mestler's form interrogatories and by Mr. Bielasz's statements during his deposition regarding damages.

1.     *Mestler Did Not Establish an Abuse of the Discovery Process*

The fundamental problem with Mestler's argument is that Mestler has not established any discovery abuses by the Bielaszes.

Mestler contends that the Bielaszes failed to provide information about their damages in their responses to the form interrogatories.  That is not accurate.  The Bielaszes provided lengthy responses that thoroughly discussed the factual basis for their damage claims against Mestler.  Further, to the extent possible at the time, the Bielaszes quantified their damages by providing specific monetary amounts relating to some of the items.  There is no indication in the record that the Bielaszes were untruthful in responding to the form interrogatories or omitted any information that was available to them.

Although Mestler takes issue with the Bielaszes' failure to provide any *written estimates* of their damages, there is no indication in the record that any such written estimates existed at the time.  Therefore, the responses to the form interrogatories properly stated that "[e]valuation, repair, and estimates are presently in the process."  By responding in this way, the Bielaszes followed the statutory requirement that responses

8

should be as "complete and straightforward as the information reasonably available to the responding party permits," and that "[i]f an interrogatory cannot be answered completely, it shall be answered to the extent possible." (Code. Civ. Proc., § 2030.220, subds. (a), (b).)

It is well established that as long as responses to interrogatories contain the information that is currently known to the responding party, that party will not be prevented at trial "from presenting subsequently discovered facts." (*Singer v. Superior Court of Contra Costa County* (1960) 54 Cal.2d 318, 326.) Therefore, the Bielaszes properly presented evidence at trial about damages developed after they responded to the form interrogatories.

If Mestler means to argue that the Bielaszes were required to provide additional information about their damages *as that information became available*, there is no merit to that position. Code of Civil Procedure specifically prohibits continuing interrogatories that require a party to "supplement an answer . . . that was initially correct and complete with later acquired information." (*Id.*, § 2030.060, subd. (g).) Mestler was required to propound *supplemental* interrogatories if it wanted to know if there were additional investigations or factual developments that would change the original responses given by the Bielaszes, but there is no indication that it did so. (*Id.*, § 2030.070, subd. (a) ["a party may propound a supplemental interrogatory to elicit any later acquired information bearing on all answers previously made by any party in response to interrogatories"].)

The record also reveals no abuse of the discovery process with respect to how Mr. Bielasz answered questions about damages at his deposition. As we have described,

9

when counsel for Mestler asked Mr. Bielasz whether he had prepared a written estimate of damages as referred to in form interrogatory No. 7.2, Mr. Bielasz responded that he had not yet prepared any such estimate. Mestler has presented no evidence suggesting that Mr. Bielasz's answer was untruthful. Further, as shown in other statements during Mr. Bielasz's deposition, Mestler *did* receive all of the existing evidence concerning the Bielaszes' damages through the Bielaszes' extensive document production.[3] The trial court noted in its ruling on the motion in limine that the Bielaszes had produced numerous documents.[4]

---

[3] In the excerpt from Mr. Bielasz's deposition that appears in the record, after confirming that the Bielaszes had complied with a request for production of documents, counsel for Mestler asked, "That means that if we look in the documents that you provided to us, we will find all of the evidence which you have with respect to the damages incurred by you, for example?" Mr. Bielasz replied, "Correct." In its appellate brief, Mestler argues that there is no evidence in the appellate record that the Bielaszes produced all of the documents concerning their damages. We disagree. Mr. Bielasz's deposition provides that evidence. Mestler also contends that the documents produced by the Bielaszes could not have contained evidence concerning the Bielaszes' damages because the responses to the form interrogatories "indicate[] the non-existence of such documents." Mestler is wrong. The form interrogatories do not ask whether *any* documents exist evidencing the Bielaszes damages; instead they ask about the existence of a *written estimate* of damages.

[4] Mestler also relies on a provision in the Code of Civil Procedure under which a complaint for money damages must include a statement as to the amount demanded. (*Id*., § 425.10, subd. (a)(2).) Citing this provision, Mestler contends that the Bielaszes were required to respond to discovery requests about their damages by providing exact information about the amount of damages they were claiming. We reject that argument because Code of Civil Procedure section 425.10, subdivision (a)(2) concerns the standards for deciding whether a complaint is properly pled, not for whether a plaintiff has a specific obligation to produce evidence of damages during discovery. Except in a default judgment where the relief granted to the plaintiff "cannot exceed that demanded in the complaint," in all other cases "the court may grant the plaintiff *any* relief consistent with the case made by the complaint and embraced within the issues." (*Id*., § 580,

10

Accordingly, because Mestler did not establish any discovery abuse by the Bielaszes, the trial court was well within its discretion to reject Mestler's motion in limine to exclude evidence of damages as a remedy for the Bielaszes' purported discovery abuses.

2.       *Mestler's Remaining Arguments Lack Merit*

Mestler asserts additional arguments to support its contention that the trial court erred in denying the motion in limine.  As we will explain, none of the arguments has merit.

First, Mestler takes issue with the trial court's comment that Mestler should have earlier dealt with perceived discovery abuses by bringing a motion to compel rather than seeking the drastic remedy of an evidentiary sanction on the eve of trial.  According to Mestler, the trial court's comments were improper in that Mestler could not have brought a motion to compel further responses from the Bielaszes because they claimed that they did not have any additional information to turn over.  This argument is puzzling because Mestler clearly believes that the Bielaszes did *something* wrong in responding to Mestler's discovery requests that constituted an abuse of the discovery process.  Although Mestler is not clear about *what* it thinks the Bielaszes should have done differently, it was Mestler's responsibility to file a discovery motion to obtain an order compelling the Bielaszes to respond the discovery in the manner that Mestler believed to be required.  As the trial court properly recognized, if Mestler had acted diligently during the discovery

_____

subd. (a), italics added.)  Thus, the omission from a complaint of a precise damages figure does not limit the ability of the plaintiff to obtain a judgment awarding damages.

11

process, the problem with the Bielaszes perceived discovery abuses could have been addressed and resolved without requiring Mestler to seek an order excluding all evidence of damages from the trial.[5]

In a related argument, Mestler contends that the trial court improperly denied the motion in limine because it incorrectly viewed a motion in limine as an improper forum for seeking a discovery sanction. This argument fails because it misapprehends the trial court's ruling. Mestler apparently relies on the trial court's comment that "this isn't the time to take care of those issues," which followed the trial's observation that Mestler should have brought a motion to compel. As we understand the trial court's comments, it was not stating that a motion in limine is *always* an improper forum for obtaining exclusion of evidence from trial as a result of discovery abuses. Indeed, a trial court could reasonably choose to make such an order in ruling on a motion in limine *if* the party seeking that order had diligently pursued all other avenues of remedying the discovery abuses during the pretrial discovery process, and *if* the opposing party received the notice and opportunity to respond required by the Code of Civil Procedure prior to the imposition of evidentiary sanctions. (See Code Civ. Proc., §§ 2023.030, subd. (c), 2023.040; *Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 216-217 [trial court granted motion in limine to exclude all evidence of economic loss as a sanction for party's willful noncompliance with court-ordered discovery after extensive discovery

---

5    To the extent Mestler argues that there was insufficient time to bring a motion to compel regarding Mr. Bielasz's deposition, which took place two days before the discovery cutoff date, the trial court reasonably pointed out that an ex parte procedure was available to Mestler.

12

motion practice].)  However, the trial court indicated that *in this particular case* it was improper for Mestler to bring up the issue of discovery abuses for the first time in the context of a motion in limine because those issues could have been addressed more efficiently and effectively at an earlier stage of the litigation.  That observation is reasonable and well grounded, and the trial court was thus well within its discretion to rely on Mestler's belated attention to discovery issues as one ground to deny the request to exclude evidence of the Bielaszes' damages.

Finally, Mestler argues that the trial court should have excluded evidence of the Bielaszes' damages pursuant to Evidence Code section 352.  However, Mestler did not develop that argument in the trial court, and accordingly it may not rely on Evidence Code section 352 as a ground for its appellate argument.  "Evidence Code section 353, subdivision (a) allows a judgment to be reversed because of erroneous admission of evidence only if an objection to the evidence or a motion to strike it was 'timely made and so stated as to make clear the specific ground of the objection,'" and "'"'defendant's failure to make a timely and specific objection' on the ground asserted on appeal makes that ground not cognizable."'"  (*People v. Demetrulias* (2006) 39 Cal.4th 1, 20.)

DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:

_____
NARES, Acting P. J.

_____
McDONALD, J.

14