## GUTOWITZ v. PENNSYLVANIA R. CO.
### Civ. No. 3643.

District Court, E. D. Pennsylvania.
Aug. 10, 1945.

See also 7 F.R.D. 147.

Abraham E. Freedman (of Freedman, Landy and Lorry), of Philadelphia, Pa., for plaintiff.

Philip Price (of Barnes, Dechert, Price, Smith & Clark), of Philadelphia, Pa., for defendant.

BARD, District Judge.

Defendant filed objections to interrogatories propounded by plaintiff.

I. Objections were filed to interrogatories 1 through 19, 23, 25, 27-c to 27-g, 27-i to 27-n, 28, 29, 30-a to 30-r, and 31 on the ground that the information sought is irrelevant to the issues of the case.

1. Interrogatories 1 through 19 seek to ascertain the legal relationship between Pennsylvania Railroad Company, the Northern Contracting Company, and Western Stevedoring Company, the method of inter-operation of these companies, and which one was in charge and control of operations on the pier at the time of the accident.

Objection is overruled as the information sought is relevant to the subject matter of the suit.

2. The 23rd and 25th interrogatories seek information as to each car on the pier with which any employee of defendant or its subsidiaries had any connection as to movements or checking or recording of movements, identification of cars and employees.

The objection is made except as to the particular car involved in the accident. Plaintiff contends that he is unable to identify the car on which he was riding and that he should not be compelled to accept defendant's identification of the car. Objection is overruled.

3. Interrogatories 27c to g and i to n seek information as to car involved in the accident if it can be identified by the defendant, as to details of the route of the car to and from the pier, when it arrived and left, by whom it was hauled, the terms of the contract of hauling, whether it was received from a connecting carrier, and where it was so received, etc.

Objections to 27i to n are sustained as irrelevant to the circumstances of the accident and the subject matter of the suit. Objections to 27-c to g are overruled.

■ 4. Interrogatory 28 seeks to determine whether defendant hauled, delivered or furnished any of the cars on the pier on the date of the accident.

Objection is made except as to particular car involved in the accident. Objection is overruled.

5. Interrogatory 29 seeks detailed information about each car mentioned in the answer to Interrogatory 28.

Objection to interrogatories 29-i to 1 is sustained. Objection to the remainder of the 29th interrogatory is overruled.

6. Interrogatory 30 seeks information whether any cars on the pier were not supplied by defendant and, if so, detailed information as to each of the cars.

Objections to 30-i through 1 are sustained. Objection to remainder overruled.

■ 7. Interrogatory 31 seeks identification of and detailed information as to the string of cars upon which plaintiff was riding at the time of the accident.

Objection is overruled.

■ Rulings on these objections are controlled by the cases interpreting relevancy of interrogatories to mean relevancy to the proceedings and subject matter and not relevancy to the issues. "Fishing expeditions" for evidentiary facts are permitted under the rules. Admission of the answers may be objected to at the time of trial.

■ II. Objection to interrogatory 23 is made on the ground that the information is equally available to the plaintiff. This interrogatory seeks detailed information as to the cars on the pier with which employees of the defendant or its subsidiaries had any connection with regard to their movement.

Objection is overruled.

■ III. Objection is made to interrogatories 25-d, 26, 27-a and b, 31 and 33 on the ground that the information is equally available to plaintiff.

1. Interrogatories 25-d, 26, 27-a and b, and 31 seek information as to the identity and other details of the car and the string of cars on which plaintiff was riding.

Objection is overruled.

■ 2. Interrogatory 33 asks defendant to state the facts within its knowledge and information responsible for plaintiff's accident and to state the source of such knowledge.

Objection is overruled.

■ IV. Objection to interrogatory 32 is made on the ground that the information —statements of witnesses in the possession of the defendant—is privileged as part of defendant's case and, even if proper, the statements should be asked for under Rule 34, 28 U.S.C.A. following section 723c.

The interrogatory seeks information as to statements or reports related to the accident and directs that copies of the reports, if any, be attached to the answer.

Objection is overruled as to the question whether defendant has any statements but sustained as to the sentence: "Attach hereto copies of all such statements and reports". Rule 34 can be used to accomplish this.

■ V. Objection to interrogatory 34 is made on the ground that it calls for a bill of particulars. This interrogatory asks defendant to state the facts upon which it has alleged that the accident was due to plaintiff's own negligence.

Objection is overruled, since it does not call for a bill of particulars but only the facts sustaining defendant's allegation.

■ VI. Objection is made to the 34 interrogatories as a whole (counting the subdivisions, the interrogatories require that 146 questions be answered) on the ground that the interrogatories are burdensome, and that plaintiff should rely on depositions.

Objection is overruled.