**NEEDLES et ux. v. F. W. WOOL-WORTH CO.**

No. 13504.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1952.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiffs.

J. B. H. Carter, Philadelphia, Pa., for defendant.

WELSH, District Judge.

This action was brought by the plaintiffs, H. J. Needles and his wife, Ruth L. Needles, to recover damages on account of personal injuries sustained by the wife-plaintiff in a fall allegedly caused by the negligence of the defendant, F. W. Woolworth Company.

The defendant has objected to interrogatories 10, 16, 19, and 24 propounded to it by plaintiffs.

1. Interrogatory 10: "Did defendant and/or defendant's agents or insurance carrier make any inspections of the portion of defendant's premises where the accident took place following said accident? If, so, state whether such inspection disclosed any defect, inadequacy or condition of disrepair. If so, specify what was disclosed."

Defendant's objection to this interrogatory on the ground that it requires an opinion and conclusion answer is well taken. This Court feels however, that plaintiffs are entitled to the actual or specific facts concerning the condition of that portion of defendant's premises where the accident in question took place provided, of course, the defendant did in fact make an inspection of that portion of its premises where the accident took place following said accident. It is therefore suggested that the plaintiffs reframe this interrogatory in such a manner that they may elicit from the defendant the actual facts regarding the condition of that portion of the defendant's premises where the accident took place at or about the time said accident occurred.

2. Interrogatory 16: "If defendant contends that the wife-plaintiff was guilty of contributory negligence, state upon what conduct, acts or omissions such charge is based."

The defendant's objection to this interrogatory on the ground that the Rules of Discovery do not require the production of the information requested is not valid. It is clear that in an action charging the defendant with negligence it is proper under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C., for the defendant to file an interrogatory calculated to elicit from the plaintiff the facts or conduct on which said plaintiff bases his charge of negligence. It is equally clear, we think, when defendant sets up in its answer the negligence of the plaintiff generally (as was done by the defendant in this case) plaintiff is entitled to ask upon what acts or omissions defendant relies in making its charge of negligence. See opinion by Judge Bard in Gutowitz v. Pennsylvania R. Co., D.C.E.D.Pa., 7 F.R.D. 144.

3. Interrogatory 19: "State the weather conditions at the time and place of the accident for the ten-hour period preceding the accident."

Defendant's objection to this interrogatory on the ground that the answer requires the compilation of statistical data and that the information sought is available from sources equally accessible to the plaintiffs is so well taken that plaintiffs' counsel in his brief did not see fit to offer opposition to the objection.

4. Interrogatory 24: "What precautions were taken following this accident to insure that a non-skid surface was provided in the immediate area where this accident took place (e. g., putting down sawdust, sand, ashes, rubber mats, etc.)?"

Defendant's objection to this interrogatory is valid for the reasons that the information sought is not relevant to the sub-

ject matter and is not within the scope of information which may properly be obtained under Rule 33 of the Federal Rules of Civil Procedure.

5. Accordingly, an order sustaining defendant's objections to plaintiffs' interrogatories 10, 19 and 24 and dismissing defendant's objection to plaintiffs' interrogatory 16 will be entered.