### FORSYTHE
### v.
### BALTIMORE & O. R. CO.
### Civ. A. No. 11341.

United States District Court
W. D. Pennsylvania.
Jan. 21, 1954.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Margiotti & Casey, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action based upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., a petition is presented to compel answer to plaintiff's interrogatory which is as follows:

> "State on what conduct, course of conduct, acts of omission or commission on the part of the plaintiff you base the allegations of contributory negligence as set forth in your answer?"

Defendant refused to answer on the legal thesis that such facts must necessarily be based solely upon the knowledge and experience of counsel, constituting the work product of an attorney, and therefore being outside the arena of discovery. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

I do not agree that an interrogatory which seeks to elicit the basis of an allegation of contributory negligence calls any more for a conclusion or "work product" of an attorney than a resort to Fed.Rules Civ.Proc. rule 33, 28 U.S.C., by a defendant when a gen-

eralization of negligence is alleged in **a** plaintiff's complaint.

Indeed, a crucial blow would be struck at the basic and underlying purpose of Rule 33 if the Rules of Discovery were rendered impotent in securing the facts upon which an allegation of negligence or contributory negligence are premised.

 Either party is entitled to secure. information by interrogatory on acts averred as constituting negligence. Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Needles v. F. W. Woolworth Co., 13 F.R.D. 460; Lincoln v. Herr, D.C., 6 F.R.D. 209.

An appropriate order is entered.