272

George PRESCAN, Plaintiff,
v.
ALIQUIPPA AND SOUTHERN RAIL-
ROAD COMPANY, a corporation,
Defendant.
Civ. No. 12285.

United States District Court
W. D. Pennsylvania.
Oct. 11, 1954.

Thomas Park Shearer, Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Emmet D. Hurley, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding which arises under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the sole problem presented to the court relates to the proper application of the discovery process. Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.

The plaintiff through his counsel has submitted to the defendant the following interrogatory:

"12. State the acts of omission or commission on the part of the plaintiff referred to in the second defense of the defendant's Answer and which were said to have been the sole or contributing cause of the accident."

Defendant advances the contention that the answer to the interrogatory must necessarily elicit an opinion or conclusion. Since the adoption of the Federal Rules of Civil Procedure, numerous Federal District Courts have held that where an interrogatory calls for opinions, conclusions and contentions on the party litigant, rather than a statement of facts and would require the litigant to express an opinion or conclusion as to the ultimate issue to be decided by the court or jury upon said evidence, that such interrogatory is improper. These rulings have been undoubtedly premised upon the theory that interrogatories must be answered by the litigant under oath, and it would appear unfair to require a layman to express his opinion as to whether under a given set of facts liability or non-liability exists in the matter to be determined by the court or jury.

The cases which seem to support the legal conclusion that a litigant is not re-

quired to answer such an interrogatory are: Tudor v. Leslie, D.C., 1 F.R.D. 448; American & Foreign Ins. Co. v. Richard Gibson & Sons, Inc., D.C., 1 F.R.D. 501; Bailey v. General Sea Foods, Inc., D.C., 26 F.Supp. 391; Ryan v. Lehigh Valley R. Co., D.C., 5 F.R.D. 399; Bush v. Skidis, D.C., 8 F.R.D. 561.

Nevertheless, the firm rooted policy of this court has been to relegate party litigants to the discovery process where it is claimed that the allegations are general in nature and not sufficiently informative to enable an adversary to intelligently present a defense.

Although the authorities in other circuits and in other districts hold that the correct procedure to secure more detailed information should be premised on a motion for a more definite statement, it appears to be the rule of law in the Third Circuit that if a party litigant needs further information to prepare his defense where a general allegation is set forth, it is necessary to secure this information by virtue of the provisions of Rule 33 of the Federal Rules of Civil Procedure, or by way of interrogatories. This rule has been consistently applied in this circuit in cases where there exists a general allegation of negligence or damages, and the defendant states that additional information is needed to prepare his defense. Lincoln v. Herr, D.C., 6 F.R.D. 209; Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Hardin v. Interstate Motor Freight System, D.C., 26 F.Supp. 97; Martz v. Abbott, D.C., 2 F.R.D. 17; Reese v. Pennsylvania R.R., D.C., 14 F.R.D. 153; Needles v. F. W. Woolworth Co., D.C., 13 F.R.D. 460; Gutowitz v. Pennsylvania R. Co., D. C., 7 F.R.D. 144.

I am cognizant that Rule 33 requires the litigant to answer interrogatories under oath. The complexities of modern litigation, however, have turned pleadings into the products of legal experts, and that a court is justified in piercing the veil of legal fiction and recognizing that in reality it is not the opinion or conclusion of the litigant that appears in the answer to the interrogatories, but, in substance and actuality, constitutes the thought, conclusion and opinion of the attorney.

It is my judgment that to require specific answers to interrogatories in order to clarify general allegations, in lieu of proceeding on motion for more definite statement, is more expeditious, eliminating as it does circuity of action, and is conducive to a speedier administration of justice.

I, therefore, conclude that where a general allegation of negligence or damages is set forth by the plaintiff and an answer of the defendant sets forth a general allegation of contributory negligence or liability on the part of the plaintiff, it is proper to pursue Rule 33 or interrogatories directed to the adversary to set forth in detail the facts upon which the general allegation of negligence, damages or contributory negligence is based.

Pursuant thereto, I shall direct defendant to answer the instant interrogatory.

An appropriate Order is entered.