Elmer F. MAY, Sr.,

v.

**BALTIMORE & OHIO RAILROAD COMPANY, a body corporate.**

No. 7845.

United States District Court,
D. Maryland, Civil Division.

March 17, 1955.

Solomon Liss, Baltimore, Md., for plaintiff.

J. Sarsfield Sweeny and Hershey, Donaldson, Williams & Stanley, Baltimore, Md., for defendant.

THOMSEN, District Judge.

In this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., defendant's answer alleged that "plaintiff was guilty of negligence contributing to the occurrence of the accident". Plaintiff filed the following Interrogatory, among others:

"11. State in detail the alleged negligence on the part of the Plaintiff contributing to the occurrence of the accident and give the names and addresses of any witness to the alleged acts of contributory negligence on the part of the Plaintiff."

Defendant excepted to this Interrogatory on the ground that "the information sought to be elicited is beyond the scope of the Discovery Rules".

But, as Judge Holly said in U. S. v. General Motors Corp., D.C.N.D. Ill., 2 F.R.D. 528, 531: "* * * interrogatories may be proper to enable the opposing party to prepare for trial where the information is not necessary to enable the party to plead, and one may be required to give information in response to interrogatories that he is not re-

quired to give on a motion for a bill of particulars. * * * The purpose of the interrogatories is to enable the proposing party to prepare for trial as a bill of particulars is to enable him to plead. A defendant is entitled to be informed as to what he will have to meet." So is a plaintiff. The abolition of the bill of particulars only strengthens the quoted statement.

Since no responsive pleading by plaintiff in this case is required, it seems particularly appropriate that he should obtain the desired information by an interrogatory rather than by a demand for a more definite statement. The Federal Rules of Civil Procedure "restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial". Hickman v. Taylor, 329 U.S. 495, at page 501, 67 S.Ct. 385, 388, 91 L.Ed. 451. "One of the principal purposes of interrogatories is to ascertain the contentions of the adverse party." 2 Barron & Holtzoff, Federal Practice and Procedure (Rules Ed.), p. 437, note 88. See also 4 Moore's Federal Practice (2d Ed.), sec. 33.17, pp. 2311–2312; Gutowitz v. Pennsylvania Railroad Co., D.C.E.D.Pa., 7 F.R.D. 144; Prescan v. Aliquippa & S. R. Co., D.C. W.D.Pa., 16 F.R.D. 272.

Interrogatory No. 11, however, goes too far in asking for the information in detail. Nor is plaintiff entitled to the names of the witnesses to the alleged acts of contributory negligence, since defendant, in answer to other interrogatories, has given the names and addresses of all eyewitnesses to the accident, all persons at or near the scene of the accident, and all persons having knowledge of relevant facts in the case, so far as they are known to defendant, its agents, employees or representatives.

I will sustain the exceptions to Interrogatory No. 11, with leave to plaintiff to serve in its place the following interrogatory:

What are the facts upon which defendant bases its allegation that plaintiff was guilty of negligence contributing to the occurrence of the accident?

It is so ordered.