**Perrin D. McELROY, Administrator of the Estate of Tracine Elizabeth Armbruster, Plaintiff,**

**v.**

**UNITED AIR LINES, Inc., a corporation, Defendant.**

**No. 11110.**

United States District Court
W. D. Missouri, W. D.
Sept. 27, 1957.

Kuraner, Freeman, Kuraner & Oberlander, Ruby D. Garrett, Kansas City, Mo., for plaintiff.

Rogers, Field, Gentry & Jackson, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

On July 10, 1957, defendant propounded the following interrogatory to plaintiff:

"Referring to Paragraph 4 of the plaintiff's complaint, state the specific negligent acts which the plaintiff claims were committed or omitted, or both committed and omitted, by the defendant which the plaintiff claims caused or permitted the defendant's airplane to run into and collide with the airplane in which the said Tracine Elizabeth Armbruster was riding."

Plaintiff answered this interrogatory in the following manner:

"In answer to Interrogatory No. 1 propounded by defendant, plaintiff states that the allegation in plaintiff's petition was that 'the airplane owned and operated by the defendant was negligently caused or permitted by defendant to strike, run into and collide with the airplane on which the said Tracine Elizabeth Armbruster was riding with great force and violence' is a sufficient allegation of negligence under the Federal Rules of Civil Procedure and that the same has been so held by this court in the case of Perrin D. McElroy, Administrator of the Estate of Catherine Marie Kennaley v. United Air Lines, Inc.,

Case No. 10526 which arose out of the same collision in question."

Defendant, having been served with this answer, moves for an order compelling plaintiff to answer its interrogatory, claiming that the submitted answer is wholly insufficient and is not responsive.

■ It is proper under Fed.Rules Civ. Proc. rule 33, 28 U.S.C.A., for a defendant, as here, to elicit by interrogatory the facts or conduct upon which plaintiff bases his charge of general negligence. One of the principal purposes of interrogatories is to ascertain the contentions of the adverse party. May v. Baltimore & Ohio Railroad Co., D.C., 17 F.R.D. 288; Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843; Lincoln v. Herr, D.C., 6 F.R.D. 209; Needles v. F. W. Woolworth Co., D.C., 13 F.R.D. 460; Forsythe v. Baltimore & Ohio Railroad Co., D.C., 15 F.R.D. 191; and Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

■ Since under the Rules the only real office which pleadings continue to serve is that of giving notice, the complaint is sufficient here, and the deposition-discovery processes necessarily are invested with the essential function of formulating the issues and the burden of advising the adverse party of the facts involved. Indeed, if the rules of discovery are rendered impotent in securing facts upon which an allegation of negligence is based, while at the same time Rule 8 permits broad, general allegations of negligence without requiring specific statements, a party would be unjustly restricted in his preparation for trial.

Therefore, the propriety of defendant's interrogatory is not to be questioned. In fact, plaintiff concedes that defendant is entitled some time to more specific factual information regarding his allega-

tions of negligence; but, in opposing defendant's motion, urges that "the use of (the) interrogatory in this case at this time would serve no useful purpose because plaintiff does not and can not know at this time precisely on which theory he will submit his case to the jury."

The problem for decision here, then, is not the propriety of defendant's interrogatory, but the necessity that plaintiff answer it at this stage of litigation, before, as he claims, a thorough investigation has been completed, and the theory on which plaintiff will proceed has been decided.

■ Answers to interrogatories, as adjuncts to the pleadings, do limit the issues and define the contentions of the parties, but under ordinary circumstances it is not their function to limit a party's proof in the way that pleadings do. So far as interrogatories require the production of information, parties must disclose whatever information they have as of the time of the demand by the interrogatories. However, the parties should not be bound by these answers, if in the interim between the time of the answers and the trial, they obtain by subsequent investigation new or additional facts. The parties will not be prevented from offering this further information on trial. The discovery rules are not to be employed as a stratagem to maneuver an adverse party into an unfavorable position. R.C.A. Manufacturing Co. v. Decca Records, Inc., D.C., 1 F.R.D. 433; Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635.

■ Since plaintiff will not necessarily be bound or committed irrevocably to his answer to defendant's interrogatory if continuing investigation discloses new facts, plaintiff is directed to answer defendant's interrogatory as specifically as his present information permits. The defendant's motion is sustained. It is so ordered.