## Long v. C.M.C. Equipment Rental, Inc.

*S. G. Litvin*, for plaintiffs.
*Ronald Scott*, for defendants.

TAKIFF, *J.*, February 26, 1975—The several interrogatories as to which objection has been filed and the comments with regard thereto are as follows:

"Interrogatory 36. State in detail the facts upon which you base your contention that the accident was caused by the breach of any implied or express warranty made by this defendant, and relied upon by you. State the names, addresses and telephone numbers of all persons known to you, or of whom you or your attorneys have been informed, who have any knowledge of any facts pertaining to the cause of the accident or the breach of any warranty by this defendant relevant to this lawsuit."

Plaintiff objects to the extent the interrogatory seeks to learn the identity of experts consulted by plaintiff and the substance of the information they imparted: Nissley v. Pa. R.R. Co., 435 Pa. 503 (1969), clearly holds that inquiry into experts consulted as opposed to those plaintiff intends to call at trial is improper under Pa. R.C.P. 4011(d). The appropriate answer to this interrogatory should be so limited. Plaintiff also objects that only some of the facts developed concerning breach of warranty were personally known by plaintiffs, and other facts were acquired from investigations conducted in anticipation of litigation and, hence, are proscribed. Defendant GMC in its memorandum counters by saying it wants only the facts upon which the claim of breach of warranty is asserted and not the names of experts consulted or expert opinions supporting such contentions. Plaintiffs' view is too narrow a construction of the concept of "work

product" and matters secured in "anticipation of litigation." Such a reading of the rules pertaining to pre-trial discovery would totally emasculate that salutory procedure. For a meaningful exercise of the adversary character of the litigation process, defendant is entitled to know the factual basis upon which plaintiffs' claim is predicated.

"Interrogatory 37. State precisely and with particularity the facts and circumstances upon which you rely to support your contention in paragraph 22(b) of your Complaint that this accident was caused by the 'designing, fabricating, manufacturing, selling, delivering and/or supplying an automobile with defective steering system, tie rod socket(s), bail stud(s), tie rod, and steering-lubricating mechanisms, devices and parts.'"

This interrogatory is objected to on grounds that it seeks information obtained in anticipation of litigation. Again, defendant's requested inquiry into the "facts" supporting the contention that injury was caused by faulty design must be viewed in light of the prohibitions of Pa. R.C.P. 4011(d) and the purposes of pre-trial discovery. Defendant cites Forsythe v. Balt. & O. R. Co., 15 F.R.D. 191 (1954), which states that an interrogatory can permissibly ask the facts upon which an allegation of negligence is based. There are apparently no State decisions precisely along similar lines. Rule 4011(d) which extends to "reports, memoranda, statements, information or other things made or secured . . . in anticipation of litigation," would preclude discovery into material in the form of reports such as drawings, tangible objects, etc., made in preparation for trial: Goodrich-Amram §4011(d)-7. Such materials would be excludable. However, the factual contentions as to defects in design, fabrica-

tion and manufacture upon which the litigation is founded should not be reserved for trial surprise and should be disclosed by appropriate answer to this interrogatory.

"Interrogatory 38. Have you, or has anyone acting on your behalf, obtained from any person or persons any report, statement, memorandum, deposition or testimony (in any form) concerning the accident or concerning the acts of defendant referred to in your Complaint? If so, state:

"(a) The name and address of each such person or persons;

"(b) when, where, by whom and to whom was each such report, statement, memorandum, deposition or testimony given or made?

"(c) where and in whose possession is each such written report, statement, memorandum, deposition, testimony at present?

"Interrogatory 39. Are you, or is any person acting on your behalf, in possession of any photographs or motion pictures of:

"(1) The vehicle, or any component part thereof;

"(2) the scene of the accident and/or of the plaintiffs;

"(a) if so, state, as to each photograph or motion picture:

"(1) the date when it was taken;

"(2) the name and address of the person taking it;

"(3) where it was taken; and

"(4) the person having custody or possession thereof."

These interrogatories are objected to as seeking the existence and location of writings, photos, made or secured in anticipation of litigation. This inquiry clearly calls for the disclosure of reports,

memoranda and other data proscribed by Pa. R.C.P. 4011(d). Defendant maintains that under Holowis v. Philadelphia Electric Co., 38 D. & C. 2d 260 (1966), the burden is upon the objector to convince the court that the material is protected from discovery under Pa. R.C.P. 4011(d); that the objector must prove exactly what information was secured in anticipation of litigation and, hence, immunized from disclosure by the cited rule and supply all else to defendant. Such a burden would contravene the clear protection of an attorney's work product provided by the rule. If such a burden is to be imposed upon an objector its only rational application would be prompted after the inquiring party asserted that the information sought was prepared in the ordinary course of the objector's business; an allegation not made here and clearly not applicable from an examination of the matters sought by these interrogatories. Plaintiff's objections as to these interrogatories will be sustained.

"Interrogatory 40. Has the automobile been examined, inspected or tested by anyone acting with your knowledge, consent or authority since the accident? If so, state the name and address of the person who made any such inspection, examination or test.

"Interrogatory 41. In respect to any expert consulted or employed by you in connection with the automobile, or any part or component, which you anticipate using as a witness at the trial of this matter, state:

"(a) The educational background of any such expert;

"(b) the full employment history of any such expert;

"(c) the names of any professional societies or

organizations in which the expert claims membership or affiliation."

Both of these interrogatories are objected to as attempting to seek the identity of persons consulted or employed as experts. This discovery is objectionable only to the extent of seeking the disclosure of experts consulted but not expected to testify. Identity of witnesses intended to be produced to testify must be disclosed; their educational, employment and professional associations, however, must be obtained by defendant through other trial preparation means.

And now, February 26, 1975, upon consideration of plaintiffs' objections to defendant General Motors Corporation's interrogatories, defendant's memorandum contra plaintiffs' objections, and plaintiffs' response to defendant's memorandum, it is ordered that plaintiffs' objections are sustained only to the extent of, and as limited by, the foregoing memorandum opinion. Those portions of the interrogatories as to which objections have not been sustained shall be answered within 45 days from the date hereof.