Harry A. WILLS et al., etc., Plaintiffs,

v.

McLEAN TRUCKING COMPANY, Defendant.

No. CIV-2-77-64.

United States District Court, E. D. Tennessee, Northeastern Division.

June 6, 1977.

Max E. Wilson, Wilson & Wilson, Mountain City, Tenn., for plaintiffs.

Edwin L. Treadway, and William C. Bovender, Hunter, Smith, Davis, Norris, Treadway & Hadden, Kingsport, Tenn., for defendant.

FRIENDS OF THE EARTH, etc., Plaintiffs,

v.

Hugh CAREY et al., Defendants.

No. 74 Civ. 4500.

United States District Court, S. D. New York.

July 5, 1977.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ This is a removed diversity of citizenship action to recover money damages for the wrongful death of the plaintiffs' decedent from a motor vehicle accident. 28 U.S.C. §§ 1332(a)(1), (c); 1441(a). The defendant moved the Court to require the plaintiffs " * * * to designate, by name and relationship, the next of kin of * * *" such decedent. Rule 12(e), Federal Rules of Civil Procedure. The motion lacks merit and hereby is DENIED.

■ The details of the plaintiffs' claim are available to the defendant through the utilization of the pretrial discovery techniques, Rules 26–37, inclusive, Federal Rules of Civil Procedure. Where, as here, a claim meets the requirements of Rule 8(a)(2), Federal Rules of Civil Procedure, the Court will not require the plaintiffs to make a more definite statement in their complaint. *Dennis v. Begley Drug Company of Tennessee, Inc.*, D.C.Tenn. (1971), 53 F.R.D. 608, 609[3]; *State of Tennessee ex rel. Davis v. Hartman*, D.C.Tenn. (1969), 306 F.Supp. 610, 612[3, 4]. Furthermore, such a motion is not to be used to pave the way for a motion to dismiss. *Jones v. Kreminski*, D.C.Conn. (1975), 404 F.Supp. 667, 670[3]; *Lodge 743, Internat'l Ass'n of Mach. v. United Aircraft Corp.*, D.C.Conn. (1962), 30 F.R.D. 142, 145[1]; *Leon v. Hotel and Club Employees Union Local 6*, D.C.N.Y. (1960), 26 F.R.D. 158, 159[6].