544

Thomas A. ARNEY, et al., Plaintiffs,

v.

BRYANT SHEET METAL, INC., et al., Defendants.

No. CIV-2-81-253.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Feb. 25, 1982.

N.R. Coleman, Jr., and Thomas L. Kilday, Greenville, Tenn., for plaintiffs.

J. Robert Boatright, Joseph O. Fuller and Douglas S. Tweed, Kingsport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

The defendant Bryant Sheet Metal, Inc. (Bryant) moved the Court to extend the time within which it must respond to the plaintiffs' first set of interrogatories and to their request for its production of documents for their inspection and copying. Rules 33(a), (b), 34(b), Federal Rules of Civil Procedure. By such motion Bryant seeks to delay such discovery until 30 days after the plaintiffs have complied with its request to produce, for Bryant's inspection and testing, certain component-parts of a furnace. The plaintiffs, in turn, seek a protective order, Rule 26(c), Federal Rules of Civil Procedure, denying to Bryant any further discovery of such components. Each such motion lacks merit.

■ Every party to a civil action is entitled, and encouraged, to utilize the pretrial-discovery devices to learn the details of the claims of the opposing party or parties. *See Wills v. McLean Trucking Company,* D.C.Tenn. (1977), 76 F.R.D. 32, 33[2]. Interrogatories relating to the contentions of a party are generally permissible. Rule 33(b), Federal Rules of Civil Procedure. Indeed, such interrogatories " * * * can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. * * * " Notes of Advisory Committee on Rules to 1970 amendment to Rule 34(b), *supra.*

The Court is given discretion under Rule 33(b), *supra,* to order that a so-called "contention"-interrogatory need not be answered until after designated discovery has been completed. Bryant urges the Court to follow such procedure herein, contending that, until it and its experts inspect further and test the parts involved, it is unable to give complete answers to the interrogatories served by the plaintiffs. The Court finds this argument unpersuasive.

■ Over the signature of its attorney, Bryant asserted in its answer herein the defenses of disclaimer-of-warranties, misuse-of-the-product, independent intervening-cause, and assumption-of-the-risk. The signature of such attorney constituted a certificate by him that, to the best of his knowledge, information and belief, there was good ground to support each such defense. Rule 11, Federal Rules of Civil Procedure; *see* Local Rule 10(a).* If such pleading were signed with intent to defeat the purpose of that Rule, it might be stricken as sham and false and this action might proceed as though such answer had not been served. *Idem.* Furthermore, for a wilful violation of Rule 11, *supra,* such counsel might be subjected to appropriate disciplinary action. *Idem.*

■ In view of the foregoing, the Court can only assume that by signing Bryant's answer, its counsel had some factual basis

for asserting the aforementioned defenses, and that his client was not merely taking the "shotgun-approach" with the hope that, by trial, something might somehow turn-up to support such defenses. That Bryant might be able to give more complete and adequate answers to the interrogatories at a later date would not justify depriving the plaintiffs of the information, or lack thereof, which Bryant possesses presently. *See Hayes v. Seaboard Coast Line Railroad Company,* D.C.Ga. (1968), 46 F.R.D. 49, 54[5]; *McElroy v. United Air Lines,* D.C.Mo. (1957), 21 F.R.D. 100, 102[5]; *Cinema Amusements v. Loew's, Inc.,* D.C.Del. (1947), 7 F.R.D. 318, 323.

Rule 33, *supra,* contemplates that a party may " * * * answer on the basis of his present knowledge but with the door left open for him to change his answer if continuing investigation should disclose new facts * * *." 8 Wright & Miller, Federal Practice and Procedure: Civil 505, § 2167. The Court is of the opinion that the plaintiffs are entitled presently to the discovery which they seek; if Bryant lacks currently factual information to support any of its affirmative defenses, it should say so.

The motion of the defendant Bryant for an extension of time hereby is

OVERRULED.

■ The Court is not convinced that requiring the plaintiffs to produce for Bryant's further inspection and (non-destructive) testing the component parts implicated herein would be " * * * unwarranted and burdensome * * *." Bryant seems to have been hampered, at least to some degree, by the attempt of the plaintiffs to impose unilaterally a condition on such discovery which is not contemplated by Rule 34, Federal Rules of Civil Procedure, absent an agreement by counsel, *see* Rule 29, Federal Rules of Civil Procedure. However, the Court believes that, in the absence of an agreement of counsel, the furnace-parts involved should not be retained by

---

* " * * * All pleadings shall be signed as required by Rule 11 of the Federal Rules of Civil Procedure * * *." Local Rule 10(a).

Bryant, its attorneys or experts, for longer than 5 business days.

Since Bryant apparently has already inspected these parts more than once, 5 days should be sufficient time for it to discover anything that might be left to discover. The motion of the plaintiffs for a protective order hereby is

OVERRULED.