

**Decided July 31, 1984**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

ROSARIO DLG. KUMAGAI and TADAO )      CIVIL ACTION NO. 81-0034
KUMAGAI,
         Plaintiffs,

         vs.                 <u>DECISION RE PLAINTIFFS'</u>

                               <u>MOTION TO COMPEL DISCOVERY</u>

COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS, STATE OF
HAWAII, UNIVERSITY OF HAWAII
SCHOOL OF MEDICINE, and JOSEPH
HUMPHREY, M.D.,

         Defendants.

         In this action, plaintiffs seek damages for the wrongful death of their son allegedly caused by the negligence of defendants. Plaintiffs move to compel more complete answers to Plaintiffs' First Set of Interrogatories Nos. 2, 4-8, 12-13, 17, 32 and 37-39. For the reasons stated herein, the Court grants plaintiffs' motion to compel, on the terms and conditions noted, as to Interrogatories Nos. 2, 4-8, 12-13, 17 and 32 and denies the motion as to Nos. 37-39.

         Plaintiffs' Interrogatories Nos. 2, 4-7, 12-13, 17 and 32 generally requested the defendants to set forth certain facts relating to the care and treatment of the decedent by the. defendants, including the "professional medical relationship"

between **defendants** and the decedent, decedent's medical history, **decedent's treatment** history and the like. With few exceptions, **the defendants** answered these interrogatories with the standard response, "see medical records." This Court, in an earlier decision addressing defendants' objections to similar responses made by plaintiffs, stated:

> Generally, a party may answer an interrogatory by reference to records from which the information could be derived. 8 Wright & A. Miller, Federal Practice and Procedure § 2178 (1970). Rule 33(c) of the Federal Rules of Civil Procedure specifically allows such in the case of business records which are in the possession of the answering party. The Rule *does not* allow such reference to records, however, if the burden on the party propounding the interrogatories to find the answers would be substantially greater than it would be on the answering party. The same principles are applicable here. Plaintiffs have answered that the answers can be found in the decedent's medical records of which defendants have copies. At the hearing on this motion, defendants stated that they were familiar with the records to which *plaintiffs* referred. It appears that the burden of extracting the requested information would be the same for either party. Therefore, plaintiffs' response is sufficient.

Kumagai v. CNMI, et al., Civ. No. 81-0034 (D.N.M.I.(Tr.Div.) May 18, 1984)(decision on defendants' motion to compel). Here too, the Court believes that a reference to medical records is sufficient. However, *to satisfy the spirit of the rules*, the refer-

1060

ence must be specific. General reference to records, when more specificity can be given, would greatly increase the burden on the propounding party relative to the answering party and would thus be improper. In the facts leading to the decision excerpted above, the defendants stated that they were familiar with the records to which plaintiff referred; accordingly, no further specification was necessary. On this motion, however, plaintiffs have stated that they are not familiar with the specific records to which defendants refer. Therefore, the Court considers it proper that defendants, if they choose to refer to records in lieu of giving a more concise answer, must specifically identify each record in which the answer can be found.

Similarly, as to Interrogatory No. 32 which requests defendants to state their theory of the cause of the decedent's death, defendants again refer plaintiffs to "medical records and transcripts of testimony." Such general references are unacceptable. Defendants must provide a more specific response, whether by a more complete answer or more specific references.

The Court feels that an additional comment regarding defendants' answers is appropriate here. The defendants' answers to plaintiffs' interrogatories are not the full and complete answers which help define the contentions of the parties and limit the issues of the case as is intended by the rules. Federal Rules of Civil Procedure 33(a); C. Wright and A. Miller § 2181, p. 576 (1970)(Wright & Miller), quoting McElroy v. United Airlines, Inc., 21 F.R.D. 100, 102 (D.C.Mo. 1957). Rather, the

answers are general, cryptic and border on the evasive. It should be noted that such resistance co providing clear and complete answers has also been displayed by plaintiffs, necessitating an earlier motion to compel by the defendants. The Court thinks it necessary at this point to express its dissatisfaction as to the conduct of both counsel for Hawaii and for plaintiffs regarding interrogatories in particular and discovery in general in this case. The Court reminds counsel that it has the authority to limit proof at trial in light of the answers to interrogatories. Wright and Miller § 2181, p.578; see, e.g., Scott v. Fetzer Co. v. Dike, 643 F.2d 670, 673 (9th Cir. 1981) (district court abused its discretion by permitting plaintiff, over objection, to call 20 witnesses, and introduce 26 exhibits which were not listed in response to interrogatories). Accordingly, counsel should beware that the Court will carefully scrutinize the proof offered at the trial of this matter and will not hesitate to limit the proof when such was not properly and adequately identified in the answers to interrogatories.

Plaintiffs sought in Interrogatory No. 8 the following:

> Identify any and all, rules and regulations, procedures, staff manuals or any other writing which sets forth the procedures and/or policies which the defendant was operating under on June 16, 1979.

> If you will do so without a motion to produce, please attach copies of each such item to your answers to these interrogatories.

> If there was an unwritten policy and/or procedure under which physicians employed by defendant University of Hawaii School of Medicine should follow in treating a child at Dr. Torres Hospital, describe said policy and/or procedures in detail.

Defendants objected to the question as vague and ambiguous and refused to answer. While general language is permitted in the phrasing of an interrogatory, the other party must be given a reasonably clear indication of the information to be included in the answer. Wright and Miller § 2168, p.515. The first two paragraphs of the interrogatory at issue suffer from vagueness and overbreath. Defendants are left with no clear indication as to how their answer might be limited so as not to include a wide range of information relating to the in-state operations of defendants which play no part in this action. The third paragraph is appropriately circumscribed and must be answered by the defendants.

Lastly, defendants object to interrogatories seeking the identity of intended trial witnesses and requesting a list of intended exhibits. Defendants object to these interrogatories as beyond the scope of permissible discovery. Plaintiffs contend that the questions were answered by them when the identical interrogatories were posed by defendants; thus, plaintiffs argue, defendants' actions demonstrate bad faith either in the original drafting of the interrogatories or in the instant refusal to answer. The Court has set a pre-trial conference wherein the

parties will have to reveal this information at a time sufficiently in advance of trial. Therefore, the contentions of the parties as to this issue are not addressed here.

For the reasons stated, and subject to the limitations herein set forth, plaintiffs' motion is:

1. GRANTED as to Interrogatories 2, 4-8, 12-13, 17 and 32; and

2. DENIED as to Interrogatories 37-39.

DATED this _3/5t_ day of July, 1984.

_____
JUDGE ALFRED LAURETA