CRAWLEY, Judge.
George S. Leatherbury (the “worker”) sued Office Supplies, Inc. (the “company”), for workers’ compensation benefits, alleging that he had been injured in the line and scope of his employment and as a result had suffered a permanent disability. The company asserted two affirmative defenses. The company argued that the worker was not an employee of the company. The company also argued that the worker had been intoxicated at the time of his accident and that his intoxication proximately caused his accident. Following the presentation of ore tenus evidence, the trial court found that the worker was an employee of the company, that the worker’s intoxication proximately caused his accident, and that the worker was entitled only to medical expenses. The company appeals, arguing that the trial court erred by finding the worker to be its employee. The worker cross-appeals, arguing that the trial court erred by finding that his intoxication proximately caused his accident.
The review of this case is governed by the 1992 Workers’ Compensation Act, which states in pertinent part: “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994) (overruled on other grounds); see Ex parte Trinity Indus., Inc., 680 So.2d 262 (Ala.1996). Further, this court “will not reverse the trial court’s finding of fact if *980 that finding is supported by substantial evidence — if that evidence is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West [v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)]; [Ala.Code 1975,] § 12-21-12(d).” Ex parte Trinity Indus. at 268.
The company argues that the trial court erred by finding the worker to be its employee. The worker propounded an interrogatory to the company asking, “Was [the worker] your employee under a contract of hire or apprenticeship written or implied on the date of the accident, as alleged in the complaint?” The company responded, ‘Tes.” The following interrogatory asked, “If your answer to [the preceding interrogatory] is in the negative, state in detail your reasons for denying that [the worker] was an employee.” The company did not respond to this interrogatory.
At the beginning of the trial, the worker argued that the company’s answer to the interrogatory waived the issue whether the worker was the company’s employee at the time of the accident. The trial court denied the company’s request to correct or amend its answer to the interrogatory and ruled that the worker was an employee of the company at the time of the accident. The trial court did not allow the company to present during the trial any evidence indicating that the worker was not its employee — that is, the trial court made the company’s answer to the interrogatory conclusive as to the relationship between the company and the worker.
Rule 33, Ala.R.Civ.P., sets out the procedure for the taking and use of pretrial interrogatories. Rule 33(b) states that answers to interrogatories “may be used to the extent permitted by the rules of evidence.” The company argues that Rule 33 does not allow an answer to an interrogatory to have conclusive effect. The company argues that an answer to an interrogatory, if admitted at trial, is subject to impeachment, similar to the way deposition testimony is used at trial. The company points out that Rule 36(b), which relates to admissions, states: “Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.” The company points out that Rule 33 has no provision for establishing an answer to an interrogatory as conclusive; this fact distinguishes the use of an answer to an interrogatory from an admission.
We agree with the company’s argument. Generally, a party who has answered an interrogatory is not prevented from amending the answer or from producing evidence at trial that conflicts with the answer. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2180 and § 2181 (1994). Section 2181 quotes McElroy v. United Air Lines, Inc., 21 F.R.D. 100 (D.C.Mo.1957), which states: “[T]he parties should not be bound by these answers [to the interrogatories], if in the interim between the time of the answers and the trial, they obtain by subsequent investigation new or additional facts.”
We conclude that the trial court committed reversible error by giving the company’s answer to the interrogatory conclusive effect and not allowing the company to produce evidence to explain its answer. As stated above, Rule 33 does not specifically provide for interrogatory answers to have a conclusive effect, while Rule 36 does provide a conclusive effect for admissions. Also, a discrepancy between an answer to an interrogatory and evidence at trial is more properly used to *981 judge the weight of the evidence, not the admissibility of the evidence. McInerney v. Wm. F. McDonald Constr. Co., 85 F.Supp. 688 (D.C.N.Y.1940). Therefore, we reverse the judgment and instruct the trial court, on remand, to allow the company to introduce evidence as to whether the worker is an employee or an independent contractor.
Because the trial court committed reversible error by not allowing the company to present evidence as to the worker’s status, we pretermit discussion of the worker’s argument that the court erred in finding that he was intoxicated at the time of the accident.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur in the result.